## COMMONWEALTH vs. JOHN DAILY.

Norfolk.  November 27. — 28, 1882.  LORD & DEVENS, JJ., absent.

At the trial of a complaint for maintaining a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors, from April to July, a witness testified that, during that time, the defendant sold and delivered to him a glass of lager beer; and that the beer was taken from a bottle. The defendant testified that the beer sold to the witness was Berlin beer, and contained less than three per cent of alcohol; and that he had kept this same kind of beer down through August, and had kept no other kind of beer since said April. An officer testified, against the defendant's objection, that he went to the defendant's place of business in said August, in the evening, with a search warrant for intoxicating liquors; that, as he entered a certain room, some one put out the light; that he afterwards saw the defendant break a bottle in the room; that he also found a number of broken bottles in the room, but he did not know who had broken them; and that there was a smell of lager beer in the room where he saw the broken bottles. The judge instructed the jury, that if the defendant purposely broke a bottle containing the same kind of beer which he testified he had kept in his place of business from said April down through said August, to keep it away from the searching officer, this act might be considered as evidence bearing on the question whether the defendant thought the beer was intoxicating liquor. *Held*, that the defendant had no ground of exception.

COMPLAINT to the District Court of East Norfolk, on the Pub. Sts. *c*. 101, § 6, for keeping and maintaining a common nuisance, to wit, a certain tenement in Holbrook, used for the illegal sale and illegal keeping for sale of intoxicating liquors, on April 1, 1882, and on divers other days and times between that date and July 14, 1882.

At the trial in the Superior Court, before *Colburn*, J., one Hobart testified for the government that the defendant, on May 28, 1882, sold and delivered to him a glass of lager beer; that the beer was taken from a bottle, and the bottle from a barrel.

The defendant testified that the beer sold to Hobart was Berlin beer, and contained less than three per cent of alcohol; and, on cross-examination, testified that he kept this same kind of beer down through August 1882, and had kept no other kind of beer since April 1, 1882.

The government then called an officer, who testified, against the defendant's objection, that he went to the defendant's place of business in said August, in the evening, with a search warrant for intoxicating liquors; that, as he entered a certain room,

some one put out the light; that he afterwards saw the defendant break a bottle in the room; that he also found a number of broken bottles in the room, but he did not know who had broken them; and that there was a smell of lager beer in the room where he saw the broken bottles.

The defendant asked the judge to instruct the jury to disregard this evidence; but the judge refused, and instructed the jury that if the defendant purposely broke a bottle containing the same kind of beer which he testified he had kept in his place of business from said April 1st down through said August, to keep it away from the searching officer, this act might be considered as evidence bearing on the question whether the defendant thought the beer was intoxicating liquor.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*G. Marston*, Attorney General, & *C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. The various facts testified to by the officer, when taken together, were competent evidence, and were submitted to the jury under instructions sufficiently favorable to the defendant.                              *Exceptions overruled.*