COMMONWEALTH *vs.* JAMES HENDERSON.

Suffolk.    November 23. — 28, 1885.    DEVENS & GARDNER, JJ., absent.

A complaint alleged that the defendant, at a time and place named, unlawfully exposed and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, he not having any license, authority, or appointment, according to law, then and there to expose, keep for sale, or sell said liquors. *Held,* that the complaint was sufficient, although it did not otherwise set forth the kind of liquor.

At the trial of a complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, it is immaterial whether the proceedings of an officer, in serving a search-warrant upon the defendant's premises, were regular and lawful, or not.

At the trial of a complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, evidence of sales of such liquors on the defendant's premises two days before the day alleged in the complaint is admissible.

Upon a complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, if the defendant kept such liquors with the intent alleged, it is immaterial whether they were exposed or concealed.

COMPLAINT to the Municipal Court of Boston, alleging that the defendant, on September 5, 1885, at Boston, unlawfully exposed and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, he not having any license, authority, or appointment, according to law, then and there to expose, keep for sale, or sell said liquors.

In the Superior Court, the defendant filed a motion to quash the complaint, on the ground that it was insufficient. *Pitman,* J., overruled the motion; and the defendant excepted.

At the trial it appeared that the complainant entered the premises of the defendant, at the time alleged in the complaint, by virtue of a search-warrant, which directed the search of a building on "Gouch Place," but that the officer searched a dance-hall on Gouch Street Place, and also a shed in the yard of said building, in which was a chest; and that in that chest, which had a cover and was shut, was found a small quantity of liquor.

The defendant requested the judge to instruct the jury as follows: "If the officer entered the premises under and by virtue of a search-warrant, that warrant must be produced; the officer could only search the premises therein described; and no

liquors found in any other place could be seized or now offered in evidence by the government in this case." The judge declined so to do.

William H. Hanscom, a police officer, testified for the government, that he went to the premises in question on the night of September 3, 1885, and saw the defendant there calling off dances; that there were colored and white persons there dancing; and that, while they were dancing, the defendant called, "Promenade to bar;" and that he there saw lager beer and wine served to them. This testimony was admitted, against the defendant's exception.

There was evidence of the admission of the defendant that he was the proprietor of the place, and other evidence was offered material to the issue.

The defendant requested the judge to instruct the jury as follows: "The government must affirmatively, and beyond legal doubt, prove that there was an exposure and keeping of liquors for sale by somebody. Exposure means an exhibition and showing of the liquors, as contradistinguished from a concealment and non-exposure; keeping for sale means a having on sale with intent to sell for pay to others, as distinguished from a personal use, either medicinally or as a beverage for one's self, or for like use and purpose by others; and that the defendant was the one who so exposed and kept for sale the liquors there found, and put in evidence."

The judge declined to instruct the jury as requested; but instructed them as follows: "If any part of the liquors was kept and sold, it is enough; and whether or not it was concealed is immaterial. The government must prove, first, that the defendant was the proprietor of, and kept, the liquors seized, or some part of the seized liquors, and that they were under the control of the defendant; and, secondly, that they were there for the purpose of sale. As one proof of intention, sales made on or about the time can be given in evidence to show that intent."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Searle & C. R. Morse*, for the defendant.

*E. J. Sherman*, Attorney General, *& H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

By THE COURT. The complaint is sufficient, and the motion to quash was rightly overruled. It is immaterial whether the proceedings of the officer in serving the search-warrant were regular and lawful or not, and the instructions requested on this subject were properly refused.

It is immaterial whether the liquors which the defendant kept for sale were exposed or concealed, and the instructions requested upon the meaning of the word "exposed" were properly refused. *Commonwealth* v. *Atkins*, 136 Mass. 160.

We can see no ground for contending that the evidence admitted was incompetent, or that the instructions given were erroneous. *Exceptions overruled.*