COMMONWEALTH *vs.* MORTIMER DOWNEY.

Middlesex.    November 26, 1888. — November 27, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Complaint — Variance — Evidence.*

At the trial of a complaint for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal keeping and illegal sale of intoxicating liquors, evidence was admitted that the wife of the defendant was seen by officers in his absence to enter the kitchen of the tenement with a pitcher in her hand containing whiskey, which she attempted to throw out of the window. *Held*, that the evidence was competent.

The complaint alleged that the defendant maintained a tenement "situate in C.," and a bill of exceptions alleged at the trial recited evidence tending to show that the defendant maintained such a nuisance in the tenement, a part of which was situated in C. and the remaining part in S., a city adjoining C., without more. *Held*, that it could not be said that there was a variance.

COMPLAINT for keeping and maintaining at Cambridge a "common nuisance, to wit, a tenement situate in said Cambridge" used for the illegal sale and illegal keeping of intoxicating liquors. Trial in the Superior Court, on appeal, before *Hammond*, J., who allowed a bill of exceptions in substance as follows.

There was evidence that the tenement of the defendant was located in a building, a part of which was situated in Cambridge and the remaining part in Somerville, the boundary line between them so running through the building that the tenement was partly in Cambridge and partly in Somerville; and the judge declined to rule, as requested by the defendant, that there was

a variance between the complaint and the proof. Evidence was also offered, on the part of police officers of Cambridge, that they visited the tenement, and as they entered the premises in the absence of the defendant the defendant's wife was seen to enter the kitchen with a pitcher in her hand containing whiskey, which she attempted to throw out of the window. The defendant objected to the introduction of this evidence, it not appearing that she was acting in any way as his agent, or with his knowledge and consent. The judge overruled the objection, and admitted the evidence.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. F. Piper*, for the defendant.

*A. J. Waterman*, Attorney General, *&* *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

FIELD, J. The testimony of the officers, that the wife of the defendant was seen to enter the kitchen with a pitcher in her hand containing whiskey, which she attempted to throw out of the window, had some tendency to prove that whiskey was kept upon the premises, and, in connection with other evidence, might warrant a finding that it was illegally kept there by the defendant. *Commonwealth* v. *Locke*, 145 Mass. 401.

The whole evidence is not set out in the exceptions, and we cannot say that there was a variance. There may have been evidence that the part of the tenement in which the intoxicating liquors were kept was wholly in Cambridge.

*Exceptions overruled.*