COMMONWEALTH vs. ALEXANDER BYRNES.

Suffolk.   January 31, 1893. — February 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Oleomargarine in Imitation of Butter — " Expose for Sale " — Statute.*

If a person has for sale in his shop oleomargarine colored in imitation of yellow but-
ter, which is kept in a closed and covered refrigerator and cannot be seen by
customers, although he has a sign in the shop to the effect that oleomargarine is
sold there, he does not " expose for sale " such oleomargarine, within the mean-
ing of the St. of 1891, c. 58, § 1.

COMPLAINT, under the St. of 1891, c. 58, § 1, to the Municipal
Court of the Roxbury District of Boston, for exposing for sale
oleomargarine in imitation of yellow butter.   Trial in the
Superior Court, before *Thompson*, J., who ruled that, upon
the evidence, the jury would be authorized to convict the de-
fendant.   The jury returned a verdict of guilty; and, at the
defendant's request, the case was reported for the determina-
tion of this court.   If the ruling was right, the verdict was to
stand; otherwise, the verdict was to be set aside.   The facts
material to the point decided appear in the opinion.

*H. M. Ayars*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the
Commonwealth.

BARKER, J.   The defendant had for sale in his provision
store oleomargarine colored in imitation of yellow butter.   It
was in a closed and covered refrigerator and could not be seen
by customers, but there was in the store a sign to the effect that
oleomargarine was sold there.   Upon the occasion to which the
complaint relates none of the substance was sold or produced
to view, except that a sample was taken from the refrigerator
by an agent of an official inspector.   The case turns upon the
meaning of the words " expose for sale " in the statute under
which the complaint was drawn.   St. 1891, c. 58, § 1.   The
purpose of the statute is to prevent deception in the manufac-
ture and sale of imitation butter, and the statute provides that
no person " shall render or manufacture, sell, offer for sale,

expose for sale, or have in his possession with intent to sell "
certain articles. The phrase to be construed is perhaps suscep-
tible of more than one meaning. Whenever goods are placed
for convenient delivery upon expected sales, they are put out
and in one sense exposed for sale, whether visible to customers
or not. But in our opinion the words are not so used in the
statute under consideration. The prohibited articles are de-
signed and adapted to deceive the eye, and, because their
appearance is likely to induce those who see them to buy them
as the genuine butter of which they are in imitation, there is
special reason for prohibiting their exposure to view. The
language is so full that it is not necessary to give it a strained
construction in order to make the statute effective. Offering
to sell and having in possession with intent to sell are likewise
prohibited in the same clause and under the same penalty, so
that it is easy for the pleader to select language which describes
the offence with reasonable accuracy. Similar words are used
in the statutes relating to milk and to intoxicating liquors,
but as in such cases the charge of exposing for sale is uni-
formly joined with that of illegal keeping, and as such a com
plaint charges but one offence and is supported by proof of
either act, (*Commonwealth* v. *Nichols*, 10 Allen, 199, and *Com-
monwealth* v. *Dolan*, 121 Mass. 374,) it has not been necessary
for this court to construe the phrase. Some of the decisions,
however, intimate more or less clearly that in the statutes con-
cerning liquors it means " expose to view." *Commonwealth* v.
*McCue*, 121 Mass. 358. *Commonwealth* v. *Atkins*, 136 Mass. 160.

Under the English statute (50 & 51 Vict. c. 29, § 4) it has
been held that margarine kept for sale upon the counter of a
shop, but behind a screen hiding it from the view of customers,
is not exposed for sale; *Crane* v. *Lawrence*, 25 Q. B. D. 152;
and that parcels of margarine placed upon a counter or shelf, in
view of customers, are exposed for sale, although so wrapped
in paper that the margarine cannot be seen. *Wheat* v. *Brown*,
[1892] 1 Q. B. 418.

Whether, if the defendant had so kept the prohibited article
in closed tubs or in paper that the packages were visible as
articles of merchandise on sale in his store, although the ole-
omargarine itself could not be seen, he would thereby have

exposed it for sale, we do not decide. The contention that the article was not prohibited because it was in imitation of artificially colored butter, as well as of genuine butter at its best, needs no consideration.

It was immaterial that the sample was obtained without legal authority and by a trespass, if such was the case, which we have no occasion to consider. *Commonwealth* v. *Henderson*, 140 Mass. 303; *Commonwealth* v. *Tibbetts*, 157 Mass. 519.

*Verdict set aside.*