COMMONWEALTH *vs.* CATHERINE ACTON.

Bristol.　October 28, 1895. — November 29, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Intoxicating Liquor — Notice — Evidence.*

At the trial of a complaint for keeping and maintaining a certain tenement used for the illegal sale and illegal keeping for sale of intoxicating liquor, a police officer, who had testified to facts tending to show that the tenement was under the control of the defendant, and who with other officers had taken from the premises intoxicating liquor, was asked, on cross-examination, whether a copy of a notice issued under Pub. Sts. c. 100, § 34, by the clerk of the court to A., who was not the defendant, and to "all other persons claiming any interest" in the liquor, describing it as having been seized at the house of A. and attested to by the officer, was in his handwriting. The defendant offered to prove that the copy was in the handwriting of the witness, and offered the copy in evidence to show ownership and to affect the evidence of the witness. The judge excluded the question, rejected the offer of proof, and excluded the copy. *Held,* that the defendant had no ground of exception.

At the trial of a complaint for keeping and maintaining a certain tenement used for the illegal sale and illegal keeping for sale of intoxicating liquor, the contention of the defendant that there was no evidence that the officers had a search-warrant, and that he had a right to hide a bottle of liquor as they had no right to take it, cannot be maintained, there being no evidence that the search was without a warrant, or that he supposed this to be the case; and even if the officers had had no warrant to search the premises, this fact of itself was immaterial.

LATHROP, J.　This is a complaint for keeping and maintaining a certain tenement in Fall River, used for the illegal sale and illegal keeping for sale of intoxicating liquor. While several exceptions were taken at the trial, the defendant now relies upon two, which we proceed to consider.

1. A police officer, named McCarthy, who had testified to certain facts tending to show that the tenement in question was under the control of the defendant, and who with other officers had taken from the premises a pail, certain bottles, and some beer, was asked, on cross-examination, whether a copy of a notice was in his handwriting. The defendant offered to prove that the copy was in the handwriting of the witness. The defendant also offered the copy in evidence to show ownership, and to affect and control the evidence of the witness. The

presiding judge excluded the question, rejected the offer of proof, and excluded the copy of the notice.

The notice in question was issued under the Pub. Sts. c. 100, § 34, by the clerk of the Second District Court of Bristol, "to Patrick Acton and to all other persons claiming an interest in about one half-gallon of strong beer and one pail." It also described the liquor as having been seized at the dwelling-house, store, and place of said Patrick Acton. The copy of the notice was attested by McCarthy.

The defendant does not now contend that the copy of the notice was admissible to prove ownership; but contends that it was admissible to contradict McCarthy. But we are of opinion that it was not admissible for this purpose. While McCarthy gave the information to the clerk on which the notice was issued, there was no offer to show what this information was. The most that can be said of the notice is, that in the opinion of the clerk, upon information received, Patrick Acton was the person responsible; but this is an immaterial question in this case. The fact that McCarthy made an official copy of the notice, and attested it as a true copy, does not make the statements contained therein his statements.

2. The only other exception argued is to the refusal of the court to instruct the jury that, on all the evidence, the defendant should be acquitted; that the policemen had no authority to make the raid; and that the defendant's conduct at the time in hiding a bottle of beer should not be considered against her as tending to show that she was keeping intoxicating liquors unlawfully. The defendant does not now contend that there was not abundant evidence to warrant a finding that she was guilty of the offence charged; and that her conduct in hiding the bottle was not evidence against her, if the officers were acting legally. *Commonwealth* v. *Wallace*, 123 Mass. 400. *Commonwealth* v. *Daily*, 133 Mass. 577. *Commonwealth* v. *Locke*, 145 Mass. 401. *Commonwealth* v. *Downey*, 148 Mass. 14. *Commonwealth* v. *Gillon*, 148 Mass. 15. *Commonwealth* v. *Sullivan*, 156 Mass. 487, 489. Her contention is that there was no evidence that the officers had a search-warrant, and that she had a right to put the bottle where she did since they had no right to take it.

It is obvious that this is a very different position from that assumed at the trial. The defendant seeks to place herself in the attitude of a person resisting an unlawful search of her premises. But there is no evidence that the search was without a warrant, or that she supposed this to be the case. If the officers had had no warrant to search the premises of the defendant, this fact of itself was immaterial. *Commonwealth* v. *Henderson*, 140 Mass. 303. *Commonwealth* v. *Keenan*, 148 Mass. 470, 472. *Commonwealth* v. *Tibbetts*, 157 Mass. 519. *Commonwealth* v. *Hurley*, 158 Mass. 159. *Commonwealth* v. *Byrnes*, 158 Mass. 172.                                   *Exceptions overruled.*

*C. R. Cummings*, (*J. T. Cummings* with him,) for the defendant.

*A. J. Jennings*, District Attorney, for the Commonwealth.