## UNITED STATES v. BURNSIDE.

(District Court, W. D. Wisconsin.   June 11, 1921.)

1. **Intoxicating liquors** ☞248—**Complaint for search warrant sufficient.**

Under Laws Wis. 1919, c. 556, § 3, authorizing issuance of a search warrant on complaint of any peace officer, made on information and belief, "to the effect that provisions of this act are being violated," and that liquors are kept for unlawful sale at a designated place, a complaint is sufficient if it alleges the requisite facts, though it does not mention such act, but erroneously refers to an earlier statute repealed or suspended.

2. **Criminal law** ☞395—**Liquor not inadmissible in evidence because unlawfully seized by state officers.**

That liquor was obtained through an unlawful search and seizure by state officers, having no connection with federal authorities, does not render it inadmissible as evidence on the trial of a defendant in a federal court.

Criminal prosecution by the United States against Urias J. Burnside. On application by defendant to suppress evidence in the possession of the United States attorney, such property consisting of whisky found in the premises at 606 Tower avenue, Superior, Wis., occupied by the defendant as a place of business, on two occasions, to wit, March 4, 1920, and June 7, 1920.   Denied.

William H. Dougherty, U. S. Atty., of Janesville, Wis., and Arthur Mulberger, Asst. U. S. Atty., of Watertown, Wis.

John A. Cadigan, of Superior, Wis., for defendant.

LUSE, District Judge.   Prosecution by the government against the defendant under the National Prohibition Law (Act Oct. 28, 1919, c. 85, 41 Stat. 305), under an indictment containing three counts, the first of which charges the defendant with having in his possession, for beverage purposes, certain intoxicating liquor on June 7, 1920.   The second count makes a similar charge against the defendant; the date thereof being alleged as March 4, 1920.   The third count charges the defendant with maintaining a nuisance at premises known as 606 Tower avenue, Superior, Wis., on March 4, 1920, by keeping therein intoxicating liquor.

[1] Before trial the defendant applied to the court for an order suppressing as evidence the liquor found in the premises in question on

the dates above stated, on the ground that the police officers of the city of Superior, who seized the liquor, had no proper search warrants which would justify their entrance into the premises and the seizure of the liquor. It appears that on both occasions the police department made complaint to the municipal court of Douglas county, which court issued a search warrant directing the search of the premises of the defendant; but the defendant claims that both the complaints and the search warrants used were insufficient in that the affidavits and warrants both specifically recite violations of section 1550 of the Wisconsin Statutes and Ordinance No. 880 of the city of Superior.

Section 1550 of the Wisconsin Statutes was a part of the excise law during the time that trafficking in liquor under the license system was in force in this state, and was expressly suspended by the state Prohibition Act (chapter 556 of the Laws of 1919), which was passed by the Legislature pursuant to the concurrent jurisdiction therefor given by the Eighteenth Amendment to the United States Constitution. Defendant contends, also, that Ordinance No. 880 of the city of Superior likewise is an ordinance only applicable to licensed saloons, passed during the time when such licensed business was lawful, and was likewise repealed, or, at any rate, suspended, by the passage of the state Prohibition Act; also that such ordinance does not and could not legally provide for search warrants being issued for the purpose of discovering violations thereof, proceedings thereunder being merely of a quasi criminal character, and not such as to permit of the use of search warrants.

It must be conceded that section 1550 of the Wisconsin Statutes was not in effect at the time these search warrants were issued, and for the purpose of this discussion it may also be assumed (but without deciding the question) that the ordinance referred to furnished no authority for the issuance and execution of such warrants. The state Prohibition Act (chapter 556, Laws 1919), by section 3 thereof, expressly provides that it shall be the duty—

"of all peace officers of the state, to make complaints and institute prosecutions for a violation of the same, and all such officers * * * may, on information and belief make complaint before any magistrate or court to the effect that provisions of this act are being violated and that intoxicating liquors are being kept for purposes of unlawful sale at a particular place to be designated and praying that a warrant may be issued to search the premises where said intoxicating liquors are so being kept and seize the same, and upon filing any such complaint a warrant may issue commanding the officer to search the premises and seize any and all liquors believed to be intoxicating and bring the same before the court 'for further proceedings according to law."

While it is true that both of the affidavits underlying the search warrants state that there is "good reason to believe that an offense under section 1550 of the Wisconsin Statutes has been committed," and the search warrants in each instance recite a complaint having been filed to the effect that an offense under section 1550 of the Statutes and under Ordinance No. 880 of the city of Superior has been committed by the defendant, nevertheless both affidavits and both warrants, in addition thereto, expressly charge and recite respectively "that beer,

whisky, and other intoxicating liquors have been transported to, kept in, and sold to customers in such place [606 Tower avenue] in violation of law" by the defendant, and are concealed therein. In addition to the references to section 1550 and the ordinance contained in these papers, the search warrants and complaints, or affidavits upon which they are based, thus allege and show a violation of the state prohibition act by the defendant and authorize the issuance of a search warrant under section 3 of that act above quoted. Under these circumstances, I see no reason why the references to section 1550 of the Wisconsin Statutes and the city ordinance should not be treated as mere surplusage.

I cannot accede to the contention of the defendant that in proceedings to obtain a search warrant under section 3 of the state Prohibition Act, which provides that complaint may be made "to the effect that provisions of this act are being violated," it is essential that such act be referred to by name or section number. It seems to me to be sufficient if the complaint or affidavit for the search warrant sets forth facts sufficient to show that the law is being violated by a certain person, by unlawfully keeping liquor in a designated place, and that under such affidavit a search warrant may properly issue.

[2] However, in my judgment, it is not necessary to rest the decision of this application upon the validity of the search warrants issued out of the municipal court of Douglas county. The United States had no part in securing the search warrants in question, nor in executing the same. The proceedings were carried on by the police officers of the city of Superior prior to the time when any proceedings were taken by the United States government, and it appears from the testimony taken in connection with this application that the proceedings by the city officers were entirely independent of the United States government or any of its agents, and that it was some time after the search had been executed and the liquor seized that the police officers of the city of Superior delivered the liquor so seized to the United States attorney for use as evidence in the pending proceeding. While it is well settled that competent evidence tending to prove crime is rendered inadmissible, where it has been secured by federal officers by unlawful search and seizure in violation of the Fourth Amendment, or where its admission is deemed a violation of the Fifth Amendment to the Constitution (Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177), and this rule has recently been applied by the Supreme Court to contraband articles in the case of Amos v. U. S., in an opinion handed down February 28, 1921, 255 U. S. ——, 41 Sup. Ct. 266. 65 L. Ed. ——, I know of no case where such effect has been given to the trespasses of strangers to the government. That an unlawful seizure by state officers has no such effect was held by the Circuit Court of Appeals of the Eighth Circuit in Youngblood v. U. S., 266 Fed. 795, and correctly so, it seems to me, both on principle and in conformity to the language of Mr. Justice Day, found in the opinion in Adams v. New York, 192 U. S. 585, at page 596, 24 Sup. Ct. 372, 374 (48 L. Ed. 575):

"A trespasser may testify to pertinent facts observed by him, or may put in evidence pertinent articles or papers found by him while trespassing. For the trespass he may be held responsible civilly, and perhaps criminally; but his testimony is not thereby rendered incompetent."

See, also, Commonwealth v. Acton, 165 Mass. 11, 42 N. E. 329; Commonwealth v. Smith, 166 Mass. 370, 44 N. E. 503.

Application is denied.