## LERSKOV v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1925.)

No. 6077.

Criminal law ⊗═⇒395—Searches and seizures ⊗═⇒7—Receipt in evidence in federal prosecution of liquor seized without warrant by state officers held not violative of federal Constitution.

In prosecution under federal statute prohibiting possession of liquors in Indian country, receipt in evidence of liquor taken from defendant's automobile by state officers acting without search warrant held not violative of Const. Amends. 4, 5.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Bob Lerskov was convicted of illegally possessing intoxicating liquors in Indian country, and he brings error. Affirmed.

J. I. Howard and S. P. Freeling, both of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

KENYON, Circuit Judge. Plaintiff in error was indicted and convicted in the United States District Court of the Western District of Oklahoma on a charge of illegal possession of intoxicating liquors in Osage county, Okl., in violation of the federal statute prohibiting the possession of such liquors in Indian country.

Numerous assignments of error were filed, but in the presentation of the case reliance is placed upon four, all relating to the one question of alleged error of the court in permitting the government to introduce as evidence intoxicating liquors which were taken from the private automobile of defendant in the town of Bigheart, Osage county, Okl.; no search warrant having been procured authorizing the search of the automobile.

The parties who searched the automobile and produced as witnesses in court the liquor taken therefrom, and which was used as evidence, were G. O. Willis and J. H. Martin. Willis was the chief of police of Bigheart, Okl., and Martin was deputy sheriff of Osage county, Okl.

Defendant, accompanied by another man, drove into the town of Bigheart, and Willis and Martin noticed they were drunk when they got out of the car at the Main Street garage. Looking into the car they found the liquor which afterwards was introduced in evidence on the trial. Mr. Willis arrested the defendant.

It is urged that the taking of the liquor from the private automobile of defendant was a violation of the Fourth Amendment to the Constitution of the United States, and the introduction of it a violation of the Fifth Amendment. Neither of these witnesses was an official of the federal government, or had any authority therefrom, and no official of the federal government was concerned with them in the alleged wrongful seizure of the intoxicating liquor. While it might seem that defendant's constitutional right of protection against unlawful search and seizure was as thoroughly infringed if a state officer unlawfully searched and took his property, turned it over to the government as evidence, and it was used against him on a trial in a federal court, as if the original search had been made by a prohibition officer or a federal employé, it has been settled by the Supreme Court of the United States that the Fourth Amendment to the Constitution is not directed against individual misconduct of officials in no way connected with the government, or acting under any claim of federal authority, and that the Fourth Amendment is not intended to be a limitation upon other than governmental agencies. Weeks v. United States, 232 U. S. 383, 35 S. Ct. 199, 59 L. Ed. 431; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Twining v. State of New Jersey, 211 U. S. 78, 29 S. Ct. 14, 53 L. Ed. 97.

This court followed the doctrine of the Weeks Case in Youngblood v. United States (C. C. A.) 266 F. 795. Other federal courts have done likewise. United States v. Burnside (D. C.) 273 F. 603; United States v.

Falloco (D. C.) 277 F. 75 (in which case, however, the police officers in making the search were acting under the direction of the federal officers, and the court held that therefore the evidence could not be used against defendant); Thomas v. United States (C. C. A.) 290 F. 133; Coates v. United States (C. C. A.) 290 F. 134; Kanellos v. United States (C. C. A.) 282 F. 461 (in which case there is a strong dissenting opinion by Circuit Judge Waddill).

By virtue of the decisions of the Supreme Court of the United States hereinbefore referred to, there was no error in permitting the introduction in evidence of the liquor obtained by the county and city officials, they having no connection with or authority from the federal government.

The judgment is affirmed.