## Commonwealth v. Johnson.

*Liquor law—Criminal law—Evidence—Evidential use of liquor seized— Return of liquor—Practice, Q. S.—Alleged unlawful seizure—Township officers—Act of March 27, 1923.*

1. A petition in the Court of Quarter Sessions to restrain the use of liquor alleged to have been wrongfully seized as evidence is fatally defective if it fails to allege that the liquor seized belonged to the petitioner, or that the seizure in any way adversely affected petitioner's interest.

2. Such petition is fatally defective if it fails to show also how the officers obtained the liquor in question.

3. Where no hearing has been had on such a defective petition and no deposition taken, it is the duty of the court to dismiss the application.

4. There is no law justifying the return of property to any person whose very possession of it will immediately make him a criminal and whose use of the property can be for no purpose other than the commission of still further crime.

5. Under the Act of March 27, 1923, P. L. 34, making the possession of intoxicating liquor *prima facie* unlawful, àn applicant for an order to return liquor alleged to have been illegally seized is bound to show facts from which the court can reasonably and safely infer that the applicant lawfully acquired the liquor in question.

6. The owner of articles unlawfully seized cannot, unless given the right by statute, have a summary remedy for the return of his property. His remedy is against the persons who have unlawfully seized the property, or by action of replevin.

7. A defendant in a criminal case is not entitled to the redelivery of evidence procured by search, even though the search be unreasonable, unless for the return of the incriminating articles he makes a timely application.

8. Township policemen are not officers of the court empowered to make seizure of liquors alleged to have been in the illegal possession of a defendant and the court has no jurisdiction to order the return of such liquor seized by them.

9. The court will not order that liquors seized by the township policemen shall not be used as evidence against the person in whose possession such liquors were found.

10. It seems that the courts will not make such an order except in cases of unlawfully-seized documents having only evidential value.

Petition and answer on rule to show cause why the district attorney and certain township police officers should not be restrained from making specified evidential uses of certain beer, wine and whisky found by such officers in the home of the petitioner and why the said liquors should not be returned to the defendant. Q. S. Montgomery Co., Sept. Sess., 1925, No. 66.

*J. Burnette Holland*, Assistant District Attorney, for plaintiff.

*High, Dettra & Swartz*, for defendant.

WILLIAMS, J., Nov. 12, 1925.—On Sept. 15th, Albert Johnson, the defendant, filed, in open court, his petition asking that Frank X. Renninger, the district attorney of this county, and Theodore H. Hallowell, the chief of police of the Township of Cheltenham, be restrained from making use, "as evidencing the prosecution" of the petitioner, of thirty-three quarts of beer, thirty-three gallons of wine and eighty-five gallons of "whiskey" on the samè day of the preceding month seized by Joseph Porter and Harry Lockard, police officers of Cheltenham Township, in the cellar of the defendant's home, situate at No. 406 Franklin Street, in the village of Cheltenham, said township. The petitioner requested that the district attorney and chief of police be restrained from making use of the liquors as evidence, also, in support of any bill of indictment which, based upon the information and charge of the chief of police that the defendant had unlawfully possessed, sold and manufactured intoxicating liquors for beverage purposes, might be submitted to the grand jury, or in support of any trial of the defendant upon such a bill when found.

### Commonwealth v. Johnson.

The petitioner prayed, too, that not only the district attorney and the chief of police but also Porter and Lockard be restrained from giving any testimony as to the seizure of the liquor, to the liquors themselves, or to anything therewith connected. In his petition the defendant sought, also, the return of the beer, wine and "whiskey."

The lengthy prayers were the culmination of a relatively brief petition in which the defendant failed to set out sufficient, if any, ground for either the return to him of, or the suppression of the evidence concerning, the beverages mentioned. First and of itself fatally to him, nowhere does he allege in his petition that the beer, wine and whisky belong to him. From all that appears in the moving papers in the pending application, the petitioner may have been only a temporary bailee without any legal right whatever to possession, or, indeed, may have been but a mere thief holding stolen property. Secondly, there is a total lack in the petition of averment as to the particular in which the present possession of the liquors by the police officers, or the district attorney, adversely affects any interest whatever of the defendant. And, third, the petition does not sufficiently show that either the manner in which the township policemen obtained the property asked to be given back did, or the continued retention by the prosecuting officer of the intoxicating liquors does or will, violate any constitutional right of the petitioner. No hearing having been had, no deposition having been taken, no evidence having been introduced by the defendant, it is, therefore, clearly the duty of the court to refuse to grant the prayer of the petition: Weeks v. United States, 232 U. S. 383 (1914), Day, J.; United States v. Silverthorne, 265 Fed. Repr. 853, 857 (1920), Hazel, D. J. (D. C., W. D. N. Y.); Silverthorne Lumber Co. v. United States, 251 U. S. 385 (1920), Holmes, J.; and Gouled v. United States, 255 U. S. 298, 305 (1921), Clarke, J.

A petition for the return of property seized in an alleged unlawful search is properly denied where, first, such petition contains no allegation that the property seized was that of the petitioner, does not aver in what particular the possession of the property by the Government affects any interest of the petitioner and fails to show that either the manner of obtaining the property or its continued possession by the Government violated a constitutional right of the petitioner; and, second, no hearing was had upon the petition and no evidence was introduced by the petitioner: Chicco v. United States, 284 Fed. Repr. 434 (1922), Groner, D. J. (C. C. A., 4th Cir.).

Unless the petition for the return of liquor alleged to have been unlawfully seized affirmatively shows that the petitioner is legally entitled to have possession of the liquor, the effort is to recover the possession of physical property the possession of which will be a crime and, hence, the prayer of the petition should be denied. There is no law justifying the return of property to any person whose very possession of it will immediately make him a criminal and whose use of the property can be for no purpose other than the commission of still further crime: United States v. Rykowski, 267 Fed. Repr. 866, 870 (1920), Sater, D. J. (D. C., S. D. O., E. D.); United States v. Kaplan, 286 Fed. Repr. 963, 972 (1923), Barrett, D. J. (D. C., S. D. Ga.); and Geraghty v. Potter, 5 Fed. Repr. (2nd), 366, 367-8 (1925), Brewster, D. J. (D. C., D. Mass.).

The Act of March 27, 1923, P. L. 34-45, section 4, P. L. 35, says that proof of the possession of intoxicating liquor for beverage purposes even in one's bona fide private dwelling, while occupied and used by the possessor of the liquor as a dwelling only, shall be prima facie evidence that the intoxicating liquor was acquired, possessed and used in violation of that act.

Commonwealth v. Johnson.

Under a statute making the acquisition, possession and use of intoxicating liquor *prima facie* unlawful, an applicant for an order to return liquor alleged to have been illegally seized is bound to show facts and circumstances from which the court can reasonably and safely infer that the applicant lawfully acquired, possessed and used the liquor which he says was wrongfully taken: United States v. Masters, 267 Fed. Repr. 581 (1920), Witmer, D. J. (D. C., M. D. Pa.); United States v. O'Dowd, 273 Fed. Repr. 600, 602 (1921), Westenhaver, D. J. (D. C., N. D. O., E. D.); Rose v. United States, 274 Fed. Repr. 245 (1921), Donahue, Cir. J. (C. C. A., 6th Cir.); and United States v. Jensen, 291 Fed. Repr. 668 (1923), Garvin, D. J. (D. C., E. D. N. Y.).

If the petitioner had wished to overcome the presence unexplained by him of beer, wine and whisky in the cellar of his home giving rise to the prescribed presumption of unlawful acquisition, possession and use of the liquors on his part, he should have offered appropriate testimony to rebut the statutory presumption. In the absence of proof, it would be neither safe for the court to assume that the intoxicating liquor was lawfully acquired prior to the passage of the Act of March 27, 1923, P. L. 34, nor reasonable for the court to infer that the 33 quarts of beer, 132 quarts of wine and 340 quarts of whisky were for use only for the personal consumption of the defendant and his family while residing at No. 406 Franklin Street, Cheltenham, and of his *bona fide* guests when therein entertained by him.

While it is not unlawful to possess intoxicating liquor for beverage purposes in one's *bona fide* private dwelling so long as the dwelling is occupied and used by the possessor of the liquor as his home only, provided such liquor was lawfully acquired prior to the passage of the Act of March 27, 1923, P. L. 34, and provided, also, such liquor is for use only for the personal consumption of the owner of the liquor and his family residing in that dwelling and of his *bona fide* guests when therein entertained by the head of the house, if the rightfulness of an owner of intoxicating liquor to have it even in his *bona fide* private dwelling be challenged by an officer of the law, the burden is upon the possessor of the liquor to show that he lawfully came by it. In this there is nothing illogical or unreasonable, much less harsh or oppressive, for better than any one else in the world the owner usually knows, or ought to know, how he acquired his beverages and, as a matter of fact, frequently no one but the possessor is familiar with the facts and circumstances surrounding the acquisition of the intoxicants. Therefore, when a police officer finds intoxicating liquor in a private dwelling, he who claims to be the lawful owner of the discovered intoxicants must prove that he legally acquired, possesses and uses the liquor: Barker v. United States, 289 Fed. Repr. 249, 250 (1923), Groner, D. J. (C. C. A., 4th Cir.); Singleton v. United States, 290 Fed. Repr. 130, 131-2 (1923), Rose, Cir. J. (C. C. A., 4th Cir.); and Nunn v. United States, 4 Fed. Repr. (2nd), 380-1 (1925), Hunt, Cir. J. (C. C. A., 9th Cir.).

Where no evidence is introduced by the defendant, a petition for the return of property seized in an alleged unlawful search must be denied: Panzich v. United States, 285 Fed. Repr. 871, 872 (1923), Hunt, Cir. J. (C. C. A., 9th Cir.), and 262 U. S. 749; Dukich v. United States, 296 Fed. Repr. 691 (1924), Hunt, Cir. J. (C. C. A., 9th Cir.); and Com. v. De Bellis, 39 Montg. Co. Law Repr. 285, 289 (1923).

If the petitioner really acquired the beer, wine and whisky prior to the passage of the Act of March 27, 1923, P. L. 34, if he really possessed the intoxicating liquor for beverage purposes in his *bona fide* dwelling while he occupied it solely for his home and if he really used the beverages only for the personal consumption of himself and family residing in his home and of

Commonwealth v. Johnson.

his *bona fide* guests when there entertained by him, still, he has picked the wrong way of getting back his drinks.

It is true that, under the civilian law, since all public officers had special official protection, every non-official had exceptional remedies for the abuse of the extraordinary powers lodged in a public officer. But the "administrative law" of the civilians never became a part of the American system of jurisprudence. With us, the mere holding of a public position vests the holder with no unusual protection and, conversely, for the abuse of process by a township policeman no individual has any exceptional remedy: United States *v.* Casino, 286 Fed. Repr. 976, (1923), Learned Hand, D. J. (D. C. S. D. N. Y.); and Com. *v.* Ross, 39 Montg. Co. Law Repr. 252, 254 (1923).

Accordingly, it is well settled now, both here and elsewhere, that, without statute, the owner of articles unlawfully seized cannot have a summary remedy for the return of his own property so taken: In re Chin K. Shue, 199 Fed. Repr. 282 (1912), Dodge, D. J. (D. C., D. Mass.); and United States *v.* Maresca, 266 Fed. Repr. 713 (1920), Hough, Cir. J. (D. C., S. D. N. Y.). He may have a suit in trespass against the unlawful seizor for the unreasonable appropriation by the latter of the property of the former or, if there be no statutory provision to the contrary, an action in replevin will lie for the recovery of possession of the articles unlawfully detained. But, in the absence of express statutory authority, the owner may not otherwise proceed: Com. *v.* De Bellis, 39 Montg. Co. Law Repr. 285, 290-1 (1923).

The Act of March 27, 1923, *supra*, section 9, P. L. 38-9, provides, in the first paragraph, P. L. 38, that, whenever intoxicating liquor possessed illegally shall be seized by any officer, he shall arrest any person in charge thereof and, in the second paragraph, P. L. 38-9, in the event that the person so arrested is held for court, it shall be the duty of the officer having custody of said intoxicating liquor so seized forthwith to deliver possession thereof to the district attorney of the county wherein said seizure occurred, or to the person designated by him, to abide the judgment of the court *as thereinafter set forth.* The only summary remedy anywhere thereinafter appearing, or even intimated, is to be found in clause *D*, P. L. 41-43, sub-division VI, P. L. 42, which declares that any person claiming the ownership of, or right of possession to, any intoxicating liquor may present his petition to the court alleging his lawful ownership thereof, or right of possession thereto, and, if, upon public hearing thereon, due notice of which has been given to the district attorney, such claimant shall *prove*, by competent evidence to the satisfaction of the court, that the said intoxicating liquor was lawfully acquired, possessed and used by him, then the court *may* order the same returned to the said claimant.

Since the third paragraph of clause *A*, P. L. 39, of the said 11th section says that no intoxicating liquor when in the custody of the law or of any officer shall be seized or taken therefrom on any writ of replevin or other like process, in the light of the foregoing, if the defendant does not wish to sue in trespass the public officers for the irregular proceeding with which they are charged by him but in lieu of damages wants the beer, wine and whisky, he must bring himself within the provisions of sub-division VI, *supra:* Com. *v.* De Bellis, 39 Montg. Co. Law Repr. 285, 291 (1923).

If no answer had been filed to the petition, if the averments of fact contained in the latter were all to be taken as true and if they were sufficient to entitle the defendant to the relief sought by him, it may well be that so far as, at least, the return to him of the liquors is concerned, his application was made too late.

Commonwealth v. Johnson.

The transcript from the docket of Horace W. Haines, justice of the peace of Cheltenham Township, filed, on the 24th day of August, in the office of the clerk, shows that, on the 15th day of August, the warrant was issued and the defendant was arrested, brought up and given a hearing and, after hearing, required to give bail for his appearance at the term of court to begin the 14th day of September. So early as Aug. 15th, then, the defendant knew the nature of the offence with which he was charged and, presumably at least, how he had acquired the intoxicating liquors he was charged with having unlawfully manufactured, sold and possessed. Notwithstanding, he waited a full month and until a day after the starting of the September Term and after the commencement of the investigations of the grand jury before applying for the return of the liquors. Under the circumstances, the request for return was hardly made within a reasonable time after the officers had found the beer, wine and whisky.

A defendant in a criminal case is not entitled to the redelivery of evidence procured by search, even though the search be unreasonable, unless for the return of the incriminating articles he makes a timely application; that is, an application within a reasonable time after the happening of the seizure alleged to have been unlawfully made: Weeks v. United States, 232 U. S. 383, 393 (1914); United States v. O'Dowd, 273 Fed. Repr. 600, 601 (1921); and Com. v. De Bellis, 39 Montg. Co. Law Repr. 285, 291 (1923).

If the petition had been presented in due season, if in the petition the defendant, after setting forth a situation calling for judicial relief, had sought a remedy authorized by law and if the averments of the petitioner had been fully substantiated by sworn testimony, nevertheless, the court could not order the return of any intoxicating liquor by Hallowell, Porter or Lockard. In a proceeding of the instant kind the power of the court to order a return of property is limited to officers of the court. Township policemen are not such officers. As to them the judicial power endeavored to have exercised neither exists nor is to be extended: In re Chin K. Shue, 199 Fed. Repr. 282 (1912); United States v. Hee, 219 Fed. Repr. 1019, 1020-1 (1915), Haight, D. J. (D. C., D. N. J.); Lewis v. McCarthy, 274 Fed. Repr. 496 (1921), Morton, D. J. (D. C. D. Mass.); In re Allen, 1 Fed. Repr. (2nd), 1020 (1924), Gibson, D. J. (D. C., W. D. Pa.); and Com. v. De Bellis, 39 Montg. Co. Law Repr. 285, 290 (1923).

Police officers of a first class township who have taken possession of property pursuant to assumed legislative authority are not officers of the court in the sense that the court is able, in a summary proceeding of the kind at bar, to direct them to give back property they are accused of having illegally seized. Particularly is that true here, where, so far, not a single step has been taken by the district attorney to have the beer, wine or whisky declared forfeit by judicial decree. Hallowell, Porter and Lockard are not only township instead of State officers but they are officers also of a branch of government other than the judicial branch and, in the pending case, they did not even pretend to act by virtue of authority derived from this court. As hitherto suggested, if their seizure was unlawful the redress of the defendant lies in a plenary action against them: United States v. Hee, 219 Fed. Repr. 1019, 1021 (1915).

Moreover, since the intoxicating liquors seized by the township police at no time have been and presently are not under the control of this court because of any process issuing out of it and have not yet come under such control by reason of formal forfeiture, it is extremely doubtful if this court has any jurisdiction whatsoever summarily to order even the district attorney, who,

as a member of the bar, is an officer of the court, to return any of the liquors: In re Allen, 1 Fed. Repr. (2nd), 1020, 1021 (1924).

The prayers of the petitioner for the suppression of evidence, likewise, must be denied.

Although it does not appear in the petition under what supposed right or authority the searching officers acted, if any one thing be clear in the record before us it is that the alleged unlawful search and seizure were not made under the direction of any officer either of this court or of the Commonwealth of Pennsylvania. There is nothing to show that the district attorney had any knowledge concerning the case prior to the filing of the transcript by the justice of the peace or that the latter ever issued a search warrant. All he gave to the officers was a body warrant for the arrest of the defendant. The process of Justice Haines was limited to the bringing before him of the person of the petitioner. The justice did not authorize the township police to search the home of the defendant or to seize any property they might there find. If, armed with a body warrant, the officers, without color of right or authority, undertook to ransack the home of a man whose arrest was their sole directed duty and, immediately thereafter, promptly proceeded to carry away a part of the discovered fruits of their unauthorized search, they acted purely upon their own initiative and for their conduct undirected by a court or State officer must accept full personal responsibility as well as liability, if any. Their behavior as to the search and seizure cannot be imputed to the justice, who told them to look for and take the person only of the defendant, nor relegated to the shoulders of the district attorney, who, until the whole transaction had been entirely completed, was in total ignorance of its very existence.

It is true, of course, that the Constitution of the Commonwealth of Pennsylvania, 1874, article 1, Declaration of Rights, section VIII, says that the people shall be secure in their houses from *unreasonable* searches and seizures. But the object of this section having been merely the restraint of arbitrary power and the prevention of despotic action on the part of *State* sovereignty, or persons acting under the authority of the Commonwealth, or, at the utmost, under color of State authority, the section, itself, is a limitation only upon the action of an officer of the State, or of some person acting by authority of a State officer and under his direction, or of a person acting under color of authority from the Commonwealth and not upon the action of private individuals, or township policemen proceeding without, above and beyond State authority and possessed of no color of State right: Com. v. Dana, 2 Met. (Mass.), 329, 337-8 (1841), Wilde, J.; Com. v. Henderson, 140 Mass. 303, 305 (1885); Com. v. Keenan, 148 Mass. 470, 472 (1889), Holmes, J.; Com. v. Acton, 165 Mass. 11, 13 (1895), Lathrop, J.; Com. v. Smith, 166 Mass. 370 (1896), Holmes, J.; State v. Atkinson, 18 S. E. Repr. 1021 (1894), McIver, C. J. (S. C.); Williams v. State, 28 S. E. Repr. 624 (1897), Lumpkin, P. J. (Ga.); State v. Griswold, 67 Conn. 290 (1896), Andrews, C. J.; Adams v. New York, 192 U. S. 585, 596 (1904), Day, J.; Twining v. New Jersey, 211 U. S. 78 (1908), Moody, J.; Weeks v. United States, 232 U. S. 383, 398 (1914); Burdeau v. McDowell, 256 U. S. 465, 475 (1921), Day, J.; Bacon v. United States, 97 Fed. Repr. 35 (1899), Thayer, Cir. J. (C. C. A., 8th Cir.); Hartman v. United States, 168 Fed. Repr. 30 (1909), Lurton, Cir. J. (C. C. A., 6th Cir.); Youngblood v. United States, 266 Fed. Repr. 795, 797 (1920), Trieber, D. J. (C. C. A., 8th Cir.); United States v. O'Dowd, 273 Fed. Repr. 600, 601-3 (1921); McGrew v. United States, 281 Fed. Repr. 809, 811 (1922), Bean, D. J. (C. C. A., 9th Cir.); Rowan v. United States, 281 Fed. Repr. 137 (1922), Walker, Cir. J. (C. C. A., 5th Cir.); United States v. Burnside, 273

Fed. Repr. 603, 605-6 (1921), Luse, D. J. (D. C., W. D. Wis.); Kanellos v. United States, 282 Fed. Repr. 461, 462-4 (1922), Woods, Cir. J. (C. C. A., 4th Cir.); Kirkley v. United States, 283 Fed. Repr. 34, 35 (1922), Woods, Cir. J. (C. C. A., 4th Cir.); Timonen v. United States, 286 Fed. Repr. 935 (1923) (C. C. A., 6th Cir.); Thomas v. United States, 290 Fed. Repr. 133, 134 (1923), Rose, Cir. J. (C. C. A., 4th Cir.); Hirata v. United States, 290 Fed. Repr. 197 (1923), Hunt, Cir. J. (C. C. A., 9th Cir.); Robinson v. United States, 292 Fed. Repr. 683, 684-7 (1923), Hunt, Cir. J. (C. C. A., 9th Cir.); MacDaniel v. United States, 294 Fed. Repr. 769, 771-2 (1924), Westenhaven, D. J. (C. C. A., 6th Cir.); Riggs v. United States, 299 Fed. Repr. 273, 274 (1924), Waddill, Cir. J. (C. C. A., 4th Cir.); and Fisher v. United States, 2 Fed. Repr. (2nd), 843, 844-5 (1924), Woods, Cir. J. (C. C. A., 4th Cir.), and 266 U. S. 629 (1924).

Section VIII, supra, while securing the people in their homes from unreasonable searches and seizures and providing that no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant, is significantly silent as to the inadmissibility of evidence obtained in violation of the section. In fact, the only explicit restriction placed upon the admissibility of evidence by the Declaration of Rights, supra, is that found in section IX to the effect that the accused cannot be compelled to give evidence against himself,—an express declaration of the ancient rule that in a criminal case no defendant can be called as a witness, or made to testify, in favor of his own conviction. But, while it is true that out of this time-honored rule and under the protection of section IX, supra, and similar Federal and State constitutionally-guaranteed rights it has been held that, upon a timely application, documents having only evidential value procured in an unreasonable search and seizure, although otherwise competent, should be redelivered to the defendant and may not be used in evidence against him, Weeks v. United States, 232 U. S. 383 (1914), as yet, no court in a thoroughly-considered opinion has applied the doctrine to subject-matters of unreasonable search and seizure other than documents having only evidential value. So far, it has not been held that there must be an exclusion in evidence of and as to stolen goods found in the house of a thief by an officer without a search warrant, or, under like circumstances, of and as to either the family silver purloined by a burglar or the jimmies and other tools and implements of his nefarious crime and calling, or the gun with which the assassin shoots to death his victim: Adams v. New York, 192 U. S. 585 (1904); Lipschutz v. Quigley, 287 Fed. Repr. 395, 399 (1923), Thompson, D. J. (D. C., E. D. Pa.); Com. v. Ross, supra, 253, 254; and Com. v. De Bellis, 39 Montg. Co. Law Repr. 285, 291-2 (1923).

In principle, the intoxicating liquors here alleged to have been unreasonably searched and seized may be similar to booty pilfered by the second-story man. If the beer, wine and whisky taken by the officers were not lawfully acquired by the petitioner prior to the passage of the Act of March 27, 1923, supra, or, even if so acquired, were not for use only for his personal consumption and that of the members of his family residing at home with him and of his bona fide guests when entertained by him in his private dwelling, no title to or property in the beverages can possibly exist in the defendant, for section 11, supra, sub-division A, P. L. 39, in the first paragraph, expressly declares that, upon possession of any intoxicating liquor intended for use in violating any of the provisions of the act, such liquor shall be deemed contraband and shall

be forfeited to the Commonwealth: Com. v. De Bellis, 39 Montg. Co. Law Repr. 285, 292 (1923).

From the observations hitherto made, it follows, inevitably, that to enlarge the doctrine of the suppression of evidence concerning papers, valuable only as to evidence of guilt, unreasonably seized by direction of State officers in the home of a man awaiting trial to the exclusion of testimony relative to what may be only bailed or stolen property belonging to another than the petitioner, or relative to what may be contraband beer, wine and whisky—for the defendant does not claim to be the owner of the intoxicants—merely because the beverages happen to have been taken from his house by township policemen who had no search warrant, would be an unauthorized extension of the principles underlying the decided cases and the adoption of an unsound, unwise and even dangerous public policy: United States v. O'Dowd, 273 Fed. Repr. 600, 601-3 (1921).

And now, this 12th day of November, 1925, the rule on the said 15th day of September, 1925, granted upon the within named district attorney, chief of police and other officers to show cause, if any they had, why the prayer of the said petition should not be granted be and is hereby and herein discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.