COMMONWEALTH *vs.* HANNAH WELCH.

Middlesex.   March 6, 1895. — April 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Evidence.*

At the trial of a complaint for keeping and maintaining a liquor nuisance there was evidence that men had been seen going into a side door in the defendant's house, some of them coming out under the influence of liquor, and that from this side door there was a path to a side door in another house, in a room of which, locked with a brass padlock, was found whiskey, and a key fitting the padlock was in the defendant's house. On the same day the defendant's daughter, who was about seventeen years old and lived with her, after looking up and down the street in front of the houses, went from the defendant's side door to the other several times, in a loose dress, and returned holding her dress as if she had something under it. An officer seized the object from the outside, and found it a hard substance like a quart bottle, and the defendant ordered the officer to let the girl go, the officer saying, "Let me see what that is," and the defendant answering, "No, I won't." *Held,* that the evidence was admissible in connection with the other facts, and that the mode in which the officer got his knowledge of what the girl had in her hand did not make the fact inadmissible.

COMPLAINT, charging the defendant with keeping and maintaining a liquor nuisance in Cambridge, between August 1, 1892, and February 23, 1893. At the trial, in the Superior

Court, before *Lilley*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The facts appear in the opinion.

*T. J. Gargan & P. J. Casey*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

HOLMES, J.   There was evidence that many men had been seen going into a side door in the ell of the defendant's house, and that some of them were under the influence of liquor when they came out. From this side door there was a path to a side door in the ell of another house. In this ell was a room locked with a brass padlock, and in the room on February 19, 1893, was a three-gallon jug nearly full of whiskey. A key fitting the padlock was in the defendant's house. Exceptions were taken to the admission of evidence that on the same day the defendant's daughter, a girl sixteen or seventeen years old, who lived with her, after looking up and down the street in front of the houses, was seen to go from the defendant's side door to the other several times, in a loose dress, and to return holding her dress as if she had something under it; that an officer seized this object from the outside of the dress, and found it a hard substance, in size and shape like a quart bottle; that the defendant was present and ordered the officer to let the girl go; that he said, "Let me see what that is"; and that the defendant answered, "No, I won't." The defendant's answer may have been dictated by other reasons, but the jury were at liberty to find that it was due to unwillingness on her own account to let the officer know what the object like a bottle was. The evidence was admissible in connection with the other facts. See *Commonwealth* v. *Vahey*, 151 Mass. 57; *Commonwealth* v. *Hyland*, 155 Mass. 7. The mode in which the officer got his knowledge of what the girl had in her hand did not make the fact inadmissible. *Commonwealth* v. *Brelsford*, 161 Mass. 61.

*Exceptions overruled.*