COMMONWEALTH *vs.* HERBERT B. WILKINS.

Middlesex.     November 20, 1922. — January 3, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Constitutional Law,* Search and seizure. *Evidence,* Competency, Real evidence unlawfully procured. *Intoxicating Liquor.*

Decisions of the federal courts under art. 4 of the Amendments to the Federal Constitution are not binding upon the courts of this Commonwealth in construing art. 14 of the Massachusetts Declaration of Rights.

The interpretation of the provisions of the Constitution of this Commonwealth is vested finally in this court.

Article 4 of the Amendments to the Federal Constitution does not apply to proceedings in the courts of the Commonwealth.

It is proper for a judge of the Superior Court to deny a petition by a defendant, charged with the exposing and keeping for sale of intoxicating liquor with intent unlawfully to sell it, that "two pint bottles said to contain intoxicating liquors but the true contents of which are to this defendant unknown," which were unlawfully seized from the person of the defendant without warrant or authority, be returned to him and that the officers of the government be prevented from using them or samples of their contents as evidence in the trial of the complaint against the defendant.

Evidence of the character above described is competent and admissible at the trial of the complaint, notwithstanding the fact that it was procured without color of authority by an unlawful and unwarranted act on the part of an officer which would make him personally liable to the defendant in a civil proceeding.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on April 17, 1922, charging the defendant with exposing and keeping for sale intoxicating liquor with intent unlawfully to sell the same.

Before trial in the Superior Court on appeal, the defendant filed a petition in which he alleged in substance that certain police officers of Cambridge, unlawfully and without any authority to do so, forcibly seized the person of the defendant and took from him and seized "two pint bottles said to contain intoxicating liquors but the true contents of which are to this defendant unknown;" that the property was being unlawfully and illegally held by the district attorney, the captain of police and the clerk of the court, and that the district attorney and the captain of police intended and proposed to use it and to offer testimony concerning it at the trial of the complaint above described. The prayers of the petition were "that the property seized be returned to the defendant and that the sample or samples of the property taken for analysis by the State chemist be returned to the defendant and the certificate of analysis be not allowed to be used as evidence against him and that the district attorney and said captain of police or any other police officer be deprived the use of the same as evidence in the trial concerning said unlawfully seized property." Before trial of the complaint, the petition was presented to *Lawton,* J., and the counsel for the defendant made an offer to present evidence of the illegal search and seizure. The judge, having read the petition, refused to hear evidence relating to the illegal seizure and denied the prayer in the petition. The trial of the complaint then proceeded, and the government offered as evidence the two bottles of liquor described in the petition, to which the defendant objected, setting forth that the evidence was obtained as a result of an illegal seizure, offering at that time to present evidence of the illegal seizure and requesting that he be allowed at that time to be heard by the jury on the collateral issue raised. The judge overruled his objection and refused to accept the defendant's offer.

The defendant was found guilty; and alleged exceptions.

Article 4 of the Amendments to the Constitution of the United States reads as follows: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable

searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Article 14 of the Massachusetts Declaration of Rights reads as follows: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation, and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure: and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws."

*J. P. Brennan,* for the defendant.

*R. H. Beaudreau,* Assistant District Attorney, for the Commonwealth.

RUGG, C. J. This is a complaint charging the defendant with keeping and exposing for sale intoxicating liquors. The defendant before the trial filed a petition for the return of two bottles of liquor alleged to have been taken from his person by a police officer without right. This petition was denied. At the trial the defendant excepted to the admission in evidence of intoxicating liquors, setting forth that they were obtained by an illegal seizure by a police officer and offering to present evidence thereof and asking that he be heard by the jury at that time on the collateral issue so raised.

The question to be decided is whether intoxicating liquor obtained by an illegal seizure by a police officer is admissible in evidence against a defendant charged with crime in the courts of this Commonwealth.

The underlying principle on which the decision of that question depends came before this court for adjudication in 1841. In *Commonwealth* v. *Dana,* 2 Met. 329, the defendant was indicted under a lottery statute, and a lottery ticket and other materials seized by a police officer were admitted in evidence against the exception of the defendant. The opinion contains a review of the reasons which led to the adoption of art. 14 of the Declaration of

Rights of the Constitution of this Commonwealth, to the effect that "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions." It was contended that the warrant was illegal and also that seizure was made in excess of its authority. After discussing these points the decision was rested on a ground which ignored any distinction between these contentions. It there was said at pages 337, 338, "Admitting that the lottery tickets and materials were illegally seized, still this is no legal objection to the admission of them in evidence. If the search warrant were illegal, or if the officer serving the warrant exceeded his authority, the party on whose complaint the warrant issued, or the officer, would be responsible for the wrong done; but this is no good reason for excluding the papers seized as evidence, if they were pertinent to the issue, as they unquestionably were. When papers are offered in evidence, the court can take no notice how they were obtained, whether lawfully or unlawfully; nor would they form a collateral issue to determine that question." That statement of the law has been followed and approved hitherto in this Commonwealth in a large number of cases involving almost all grades of crime, including murder in the first degree. Property seized without search warrant by police officers has been admitted in evidence even though rights of the defendant have been violated in securing possession of it. The constitutional aspects of the matter have been treated as settled by *Commonwealth* v. *Dana, ubi supra,* and the numerous cases following it. *Commonwealth* v. *Certain Lottery Tickets,* 5 Cush. 369, 374. *Commonwealth* v. *Intoxicating Liquors,* 4 Allen, 593, 600. *Commonwealth* v. *Welsh,* 110 Mass. 359. *Commonwealth* v. *Taylor,* 132 Mass. 261. *Commonwealth* v. *Henderson,* 140 Mass. 303. *Commonwealth* v. *Keenan,* 148 Mass. 470. *Commonwealth* v. *Ryan,* 157 Mass. 403. *Commonwealth* v. *Tibbetts,* 157 Mass. 519. *Commonwealth* v. *Hurley,* 158 Mass. 159. *Commonwealth* v. *Byrnes,* 158 Mass. 172. *Commonwealth* v. *Brelsford,* 161 Mass. 61. *Commonwealth* v. *Welch,* 163 Mass. 372. *Commonwealth* v. *Acton,* 165 Mass. 11. *Commonwealth* v. *Smith,* 166 Mass. 370. *Commonwealth* v. *Tucker,* 189 Mass. 457, 470. In *Adams* v. *New York,* 192 U. S. 585, it was said in holding admissible in evidence papers seized in excess of the authorization of a warrant, "In such cases

the weight of authority as well as reason limits the inquiry to the competency of the proffered testimony, and the courts do not stop to inquire as to the means by which the evidence was obtained." See *Holt* v. *United States*, 218 U. S. 245, 252, and *Hale* v. *Henkel*, 201 U. S. 43.

Doubtless the raising of the question anew in this Commonwealth is due to decisions of the Supreme Court of the United States interpreting the Fourth Amendment to the Federal Constitution, which in substance is the same as the Fourteenth Article of our Declaration of Rights already quoted. The precise point of the federal decisions, as we understand them, is that property of a defendant seized by or under the direction of an officer of the federal government in violation of rights secured by the Fourth Amendment to the Constitution of the United States cannot be used as evidence in a federal court against that defendant on trial for having committed a crime but should be returned to him on motion made before the opening of such trial. *Boyd* v. *United States*, 116 U. S. 616. *Weeks* v. *United States*, 232 U. S. 383. *Silverthorne Lumber Co. Inc.* v. *United States*, 251 U. S. 385. *Amos* v. *United States*, 255 U. S. 313. Objection to such evidence is not too late even at the trial of the defendant for the crime, provided it comes promptly upon the first notice which comes to the defendant of such illegal seizure of his property. *Gouled* v. *United States*, 255 U. S. 298. On the other hand, property of a defendant seized by a police officer in excess of his legal warrant is admissible in evidence provided the question is raised first when the evidence is proffered at the trial, *Adams* v. *New York*, 192 U. S. 585, and property seized by private individuals without color of authority may be used by a special assistant to the Attorney General of the United States, to whom it has been turned over, as evidence in a criminal prosecution of the owner in the federal courts. *Burdeau* v. *McDowell*, 256 U. S. 465. In the Circuit Court of Appeals for the Fourth Circuit it was held in *Kanellos* v. *United States*, 282 Fed. Rep. 461, that property seized contrary to law by a State police officer was admissible in evidence on the trial of its owner charged with crime in the United States courts, there being no evidence that the seizure was made by arrangement with any federal officer. To the same effect is *Youngblood* v. *United States*, (C.C.A.) 266 Fed. Rep. 795.

Those decisions are not binding on this court in interpreting similar provisions of the Constitution of this Commonwealth. The interpretation of that instrument is vested finally in this court, *Fairfield* v. *County of Gallatin,* 100 U. S. 47, 52, except perhaps so far as it affects rights secured under the Federal Constitution, treaties and laws. See *Opinion of the Justices,* 234 Mass. 597, and cases collected at page 607; *McCullough* v. *Virginia,* 172 U. S. 102, 109, 110; *Long Sault Development Co.* v. *Call,* 242 U. S. 272. No federal question is here involved. The Fourth Amendment to the Federal Constitution does not apply to proceedings in the State courts. As was said in 1887, by Chief Justice Waite, in *Spies* v. *Illinois,* 123 U. S. 131, 166, "That the first ten Articles of Amendment [to the United States Constitution] were not intended to limit the powers of the State government in respect to their own people, but to operate on the National Government alone, was decided more than half a century ago, and that decision has been steadily adhered to since." *Pearson* v. *Yewdall,* 95 U. S. 294, 296. *Holden* v. *Hardy,* 169 U. S. 366, 382. *Twining* v. *New Jersey,* 211 U. S. 78, 98. *Minneapolis & St. Louis Railroad* v. *Bombolis,* 241 U. S. 211, 217. *Commonwealth* v. *Leventhal,* 236 Mass. 516, 522. Nevertheless the deference due to decisions by the highest court of the nation when differing from our own decisions requires consideration anew of the question.

It is a generally recognized principle of the law of evidence that courts do not pause in the trial of cases to investigate whether physical evidence, such as intoxicating liquors kept, carried or sold contrary to law, was obtained lawfully or unlawfully. That is regarded as a collateral inquiry. The only matter considered by the court is whether such evidence is pertinent to the issue. Courts do not impose an indirect penalty upon competent evidence because of illegality in obtaining it. An ordinary police officer is not regarded as the agent of government if he acts outside the scope of his authority in seizing tangible evidence of crime. He does not carry with him the support of the government but incurs personal liability if he fails to keep within the bounds of his duty. Outside those bounds he has no more color of authority than a private individual. Whether he commits a crime or a civil wrong, the offending officer alone is responsible. *Bolster* v. *Lawrence,* 225 Mass. 387, and cases cited. For the misconduct

of a private individual the government is not answerable. He may be brought to court to answer for his wrong either civilly or criminally. But his misconduct ought not to hamper the government in the enforcement of laws and the preservation of order. The wrong committed in seizing the liquor without a warrant was a transaction by itself. It has no necessary connection with its subsequent use as evidence.

The petition in the case at bar involved the question whether the liquor was contraband or was lawfully in the possession of the defendant. Courts commonly do not concern themselves with the adjustment of property rights between wrongdoers contending as to possession of that which the law does not recognize as innocent and innocuous. The law leaves the parties where they put themselves. *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113. The defendant by his petition did not assert the lawfulness of his purpose and right in the seized liquor. He asked for its return simply because seized unlawfully.

See discussion with ample citation and review of decided cases in other jurisdictions by Professor Wigmore in the American Bar Association Journal for August, 1922, Vol. 8, pages 479 to 484.

We are unable to assent to the distinctions established by the federal decisions. The presentation of evidence in court in prosecution of crime is by the district attorney, who for that purpose is the representative of the government. He alone decides what evidence shall be offered. It seems to us that whether physical property seized through an unreasonable search should be received in evidence when presented by the government attorney, cannot soundly depend upon the antecedent and disconnected fact that the unreasonable search by which it was unlawfully obtained was made by a police officer without any warrant instead of by a private individual acting on his own responsibility. The decisions of the United States courts and all other courts appear to be unanimous in holding that in the latter instance property will be admitted in evidence, if otherwise competent, against the owner on trial for a crime. We prefer to adhere to our rule, which makes the competency of evidence depend upon its inherent probative value rather than upon outside circumstances, and which leaves the redress of grievances for invasion of constitutional

rights to the usual and adequate provisions of the civil and criminal law.

We should hesitate under any circumstances to overrule so many of our decisions rendered through so long a period of time, but as matter of reason we remain satisfied with the grounds on which they were decided.    *Hill* v. *Boston,* 122 Mass.. 344, 372, 373, 380.    *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 196.    *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 477.

*Exceptions overruled.*