### COMMONWEALTH *vs.* THOMAS F. DONNELLY.

Middlesex.    October 17, 1923. — November 26, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Constitutional Law,* Due process of law.    *Evidence,* Competency, Real evidence
 unlawfully procured.    *Intoxicating Liquor.*

Intoxicating liquor in a bottle taken from the person of the proprietor of a
 store by police officers who entered the store with a search warrant is ad-
 missible in evidence against the proprietor of the store at the trial of a
 complaint charging him with exposing and keeping for sale intoxicating
 liquor with intent unlawfully to sell the same, such admission not being in
 violation of the rights of the defendant under art. 12 or under art. 14 of
 the Massachusetts Declaration of Rights or under art. 4 of the Amendments
 to the Constitution of the United States.    Following *Commonwealth* v.
 *Welsh,* 163 Mass. 372, and *Commonwealth* v. *Wilkins,* 243 Mass. 356.

COMPLAINT, received and sworn to in the District Court
of Lowell on August 23, 1922, charging the defendant with
exposing and keeping for sale intoxicating liquor with intent
unlawfully to sell the same.

On appeal to the Superior Court, the case was tried before
*Sisk,* J.    Material evidence and an exception saved by the
defendant are described in the opinion.    The defendant
was found guilty and alleged an exception.

The case was submitted on briefs.

*J. P. Donahue & C. A. Donahue,* for the defendant.

*A. K. Reading,* District Attorney, & *R. T. Bushnell,*
Assistant District Attorney, for the Commonwealth.

RUGG, C.J.    This is a complaint charging that the de-
fendant exposed and kept intoxicating liquor with intent
to sell the same contrary to law.    G. L. c. 138, § 2.    There
was ample evidence tending to support the charge.    Officers
with a search warrant entering the store of the defendant
found him near an open window holding in his upraised hand
a package through which protruded the neck of a bottle.
The officers seized the package, which was found to contain

two bottles of intoxicating liquor. The single exception is to the admission in evidence of the bottles thus obtained.

They were admissible in evidence. That was settled by *Commonwealth* v. *Welch,* 163 Mass. 372, in an opinion by Mr. Justice Holmes. That decision was reaffirmed with full review of cases in *Commonwealth* v. *Wilkins,* 243 Mass. 356. The arguments of the defendant based on art. 14 of the Declaration of Rights of the Constitution of Massachusetts and on art. 4 of the Amendments to the Constitution of the United States, are fully disposed of by these decisions.

The defendant argues that the introduction of this evidence violated his rights to due process of law secured by the Fourteenth Amendment to the United States Constitution. There seems to us to be no foundation for this contention. No question is raised on this record as to deprivation of the defendant of his property in the intoxicating liquors. The rules of evidence prevalent in this Commonwealth permit the use of competent evidence even though it may have been obtained unlawfully. The same rule of evidence obtains even though the illegality in obtaining the evidence may have been the violation by some police officer of the constitutional guaranty against unreasonable search. That all was pointed out after discussion and review of decisions to the contrary by courts of the United States in *Commonwealth* v. *Wilkins,* 243 Mass. 356.

The case at bar is not against the officer who made the illegal seizure, nor an attempt to recover the property so seized. It does not involve the defendant's constitutional right to his property, or to security against unreasonable search. The only question here presented relates to the competency of evidence because of an infirmity in the legality of the means by which it was secured. Courts differ in their views as to the admissibility of evidence so obtained.

The defendant has been tried according to the established law of this Commonwealth. " It was said by Mr. Justice Gray in *Central Land Co.* v. *Laidley,* 159 U. S. 103, at page 112: ' When the parties have been fully heard in the regular course of judicial proceedings, an erroneous decision of a State court does not deprive the unsuccessful party of his

property without due process of law, within the Fourteenth Amendment of the Constitution of the United States. *Walker* v. *Sauvinet,* 92 U. S. 90; *Head* v. *Amoskeag Manuf. Co.* 113 U. S. 9, 26; *Morley* v. *Lake Shore & Michigan Southern Railway,* 146 U. S. 162, 171; *Bergemann* v. *Backer,* 157 U. S. 655.' When a case is presented in the State court for decision upon principles of general law alone, according to which in the ordinary course of the administration of justice rights of parties are determined and issues respecting the life, liberty and property of litigants are adjudicated, then no federal question is involved." *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 125, 126.

Manifestly the State practice or State rules of evidence cannot override federal rights. " The law of the United States cannot be evaded by the forms of local practice. *Rogers* v. *Alabama,* 192 U. S. 226, 230." *American Railway Express Co.* v. *Levee,* 263 U. S. 19, decided by the Supreme Court of the United States on October 22, 1923. But that issue does not arise on the competency of evidence under the general principles of law. Although the Fourteenth Amendment was not discussed in *Burdeau* v. *McDowell,* 256 U. S. 465, that case was wrongly decided if there is sound reason in support of the defendant's argument. We think that there is no merit in the contention.

The grounds already stated are sufficient to show that the defendant has not been compelled to furnish evidence against himself contrary to art. 12 of the Declaration of Rights of the Constitution of this Commonwealth.

*Exceptions overruled.*