STATE *vs.* LOUIS C. CHESTER.

JUNE 12, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. On a criminal complaint for a second offence of possessing intoxicating liquor to be sold for beverage purposes contrary to the provisions of our prohibition enforcement act, Gen. Laws, 1923, Chap. 127, defendant was found guilty by a jury. He brings to this ·court his exceptions to a refusal of the trial court to suppress certain evidence and direct a verdict for him, and to give certain charges requested. With these alleged errors of omission he couples claimed errors of commission in the charge as given.

The facts are singularly free from dispute. Police officers of the city of Providence entered a saloon of which defendant by his own admission was in charge. They had a search warrant covering the saloon. They found no liquor about the saloon but one of them observed what seemed to be a bottle in the inside breast pocket of a jacket worn by defendant. As related by the State's witnesses, an officer "frisked" defendant, that is, placed his hand on the protruding spot and, satisfying himself it was a bottle, asked defendant if that was where he kept it (liquor) to which question defendant nodded affirmatively, whereupon the officer placed defendant under arrest and took him to the station. There, according to defendant's own evidence, he "gave" the bottle to the officers. It contained whiskey having a volume content of 41.37 per cent of alcohol suitable for use for beverage purposes. The defendant's testimony differs from that of the officers only in claiming that the officer while in the saloon took the bottle out of defendant's pocket and asked, "What is this?" ·to which defendant replied, "It is mine."; that the officer then said to the other officers—"I got it" and to defendant, "Come on—put the bottle back. You got to go now."; that defendant was then taken by the officer to the station.

A motion was made prior to trial for the suppression of the evidence secured. This was based upon alleged defects in the search warrant. No claim ·was made for a return of the property as legitimately owned liquor wrongfully taken

from defendant's possession. The request was only that the State be not permitted to use it as evidence on account of such alleged taking under the defective search warrant. The motion was denied and no exception to such denial is now pressed. The warrant therefore must be considered valid. The bottle and a sample therefrom which was analyzed by a chemist were offered at the trial as exhibits 1 and 2. At the time they were offered no sound objection could have been made to their admission.

The evidence was both competent and conclusively probative of guilt. The liquor under the circumstances was contraband. It had no legal existence as property. Gen. Laws, 1923, Chap. 127, § 5. Defendant's position before the jury was an attack not upon the validity of the warrant but upon the seizing officer who was claimed to have acted in excess of his authority.

As no irregularity by the officer in obtaining the liquor could be claimed at the conclusion of the State's case, at the close of the defence defendant unsuccessfully again sought to have stricken from the record exhibits 1 and 2, arguing that the search warrant authorized only an examination of the saloon and that the officer had exceeded his authority in searching defendant's person and taking the bottle therefrom in the saloon before arresting him. The claim was that such procedure violated Section 6 of Article I of the State Constitution, which so far as is material is as follows: "The right of the people to be secure in their persons, papers and possessions against unreasonable searches and seizures shall not be violated. . . ." Defendant claimed that if the bottle of liquor was secured as a result of violation of his constitutional rights it could not be used as evidence. The court ruled that the evidence was admissible and told the jury that if the liquor contained a greater percentage of alcohol than allowed by statute, there was no need of discussing search warrants or arrests with or without warrant. It said: "Just discuss the question of

whether this man had that liquor there." All of the errors alleged by defendant originate in this ruling and charge.

Defendant's position assumes that no valid seizure of articles upon the person of a defendant can take place without a search warrant, or until after a lawful arrest and that the use as evidence of the property found on search of the person without a search warrant is dependent on the legality of the arrest. He correctly asserts that the U. S. Supreme Court has held that liquor seized in a man's house by U. S. revenue officers without a search warrant can not be used in evidence because the government comes into possession of it in violation of Art. IV of Amendments to the Federal Constitution and that this article is substantially the same as our own provisions against unreasonable search and seizure. *Amos* v. *U. S.* 255 U. S. 313 (1921) ,violation of the revenue laws. This decision is of no binding force on State courts and *Commonwealth* v. *Wilkins*, 243 Mass. 356, a case much resembling the one before us does not accept the doctrine of the *Amos* case. The *Amos* case was decided on the authority of the case of *Gouled* v. *U. S.* 255 U. S. 298 (1921), involving seizure of papers and documents.

That the U. S. cases, however, do not support defendant's position appears in the recent case of *Carroll* v. *U. S.* 69 L. Ed. 347 (1925). There the Supreme Court held that contraband liquor seized without a search warrant could be used in evidence. The right to search, seize and use as evidence contraband liquor under the so-called Volstead Act is very carefully considered in the opinion by Chief Justice TAFT. In that case enforcement officers without a search warrant stopped the automobile of a well-known "bootlegger" between Detroit and Grand Rapids, upon an international public highway to Canada. Their information was that the car was regularly used for illegal transportation of liquor. They searched the car finding sixty-eight quart bottles of liquor in the upholstery behind the rear seat. These they seized. A petition for return was filed before trial in the district court and denied. At the

trial the government offered two of these bottles in evidence against defendant charged with illegally transporting liquor and the jury found him guilty. In reviewing the cases involving the propriety of the use of this evidence the Supreme Court called particular attention to the contraband nature of the articles, found that the facts clearly showed that the officer had reasonable ground to suspect a crime was being committed in his presence, was fully warranted in making the search and hence that the search was not an unreasonable one. It pointed out that the only search forbidden by the Federal constitution was an unreasonable search and the writer of the opinion says, at page 355, an officer's "right to search and the validity of the seizure are not dependent on the right to arrest." . . . "They are dependent on the reasonable cause the seizing officer has for belief that a crime is being committed." . . . "The character of the offence with which, after the contraband liquor is found and seized, the driver can be prosecuted does not affect the validity of the seizure. . . ."

We have referred at some length to the *Carroll* case, although not binding upon us, because of its marked similarity to the case at bar and because it is upon the United States Supreme Court, and Federal cases pursuant to the decisions of that court, that defendant chiefly relies to support his claim that the evidence here secured was not admissible.

Consideration of all prior Supreme Court cases shows that in none of them has the question of admissibility arisen where the property seized without a warrant was contraband and subject to forfeiture and destruction.

As we look at the question in general there is no necessary connection between the method of obtaining an article and its admissibility as evidence. If illegally seized property can not be used as evidence, it is because of some supposed public policy. In a majority of State courts pertinent evidence is admitted regardless of the fact that it may have been obtained by unreasonable search and seizure on the part

of officers. See cases collected in 24 A. L. R. 1408 and 32 A. L. R. 408.

We do not feel called upon to decide whether evidence procured by an officer acting in excess of the authority of his search warrant can be used in the prosecution of the person from whom it has been taken. The arrest and seizure here were substantially simultaneous. In the light of our statute and of the reasoning of the *Carroll* case, it is clear that the arresting officer of whose conduct defendant complains had reason to believe that Chapter 127, General Laws, 1923, was being violated. The possession of the liquor here seized constituted the crime charged just as in the *Carroll* case. It was the officer's right in the light of what he saw and of what defendant said to seize the bottle. It was the officer's duty under the circumstances to arrest defendant. Chapter 127, Sec. 20, reads as follows: "Sec. 20. It shall be the duty of every sheriff, deputy sheriff, police officer, constable, or other officer whose duty it is to enforce the criminal laws of this state, who has notice, knowledge or reason to believe that the provisions of this chapter are being violated, to exercise immediately all the powers and authority vested in him as such sheriff, deputy sheriff, police officer, constable or other officer to apprehend, arrest and prosecute any person or persons committing such violations and the jurisdiction of courts, methods of procedure, and the powers and duties of all officers in relation to offenses under this chapter shall be the same as in other cases of crime or misdemeanor." If it be claimed that the officer should have procured a warrant for the arrest, the answer is found in Chapter 407, Sec. 75, which, so far as is material, is as follows: "Every officer authorized to make an arrest for any criminal offense, may arrest without complaint and warrant, any person who commits any criminal offense in his jurisdiction, when such officer has view of the same, or when the offender is taken or apprehended in the act by any person." The facts, as established in evidence, strongly indicated that defendant was committing an offence

in the officer's view. The officer was there under a search warrant issued because the premises were believed to be in use for the illegal sale of liquor. The officer was directed to examine the saloon to discover if liquor was there present. The saloon when entered was open for business and two people were therein, one a clerk and one a possible customer. Defendant admitted that he was the man in charge. The officer saw the bottle in defendant's pocket and though it could only be fully known upon chemical analysis whether the liquid in the bottle was contraband, in view of defendant's former conviction and the way such illegal sales of liquor are ordinarily conducted, a reasonable belief for anyone must have been that the law was then being violated. The facts following showed that such actually was the situation. Defendant by his own admission did not deny possession of the liquor. He merely said: "It is mine." We are of opinion, even if we accept defendant's theory of the validity of the seizure being dependent on the legality of the arrest, that the arrest was legal and that the seizure was reasonable. We do not wish to be understood, however, as accepting such theory as valid. See *Carroll* case at p. 355.

One legally placed under arrest may be searched for evidence with which the crime has been committed and such as is found upon him may be legally taken from him. The protection of Federal or State constitution against searches and seizures does not apply in such instances. *Carroll* v. *U. S.* 69 L. Ed., at p. 355, says: "Where a man is legally arrested for an offence whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offence may be seized and held as evidence in the prosecution." Numerous authorities are there cited. The right to take from the possession of the legally arrested person and to use as evidence the article by which a crime has been committed is in no way dependent on the existence of a search warrant. It is a necessary right and everywhere exercised without question.

To have submitted to the jury questions relating to the officer's excess of authority under the search warrant or right to arrest would clearly have been erroneous on the facts as related by defendant. The charge correctly applied the law. As to the claim that the jury brought in a verdict against the defendant because of intimidation on the part of the trial justice, it is sufficient to say that reasonable men on the evidence presented could have reached no other conclusion.

Recent cases upon the question here raised are *State* v. *Chuchola*, 120 A. 212 (1922. Del.); *State* v. *Basil*, 217 Pacif. 720 (1923, Wash.).

We find no error in the action of the trial justice in denying the motions to suppress evidence and direct a verdict, or in the charge as given or in the refusal to charge as requested.

The exceptions of the defendant are overruled and the case is remitted to the Superior Court for sentence.

*Charles P. Sisson, Atty. Gen. Harold E. Staples, 4th Asst. Atty. Gen.*, for State.

*Rosenfeld & Hagan*, for defendant.