COMMONWEALTH *vs.* JOEL R. DORIUS.

Hampshire.    February 4, 1963. — July 2, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Search and Seizure.  Constitutional Law,* Search and seizure.  *Evidence,*
Competency, Illegally seized material.  *Practice, Criminal,* Report.

A report by a judge of the Superior Court under G. L. c. 278, § 30, made
in a criminal case after dismissal by this court for want of jurisdiction
of the defendant's purported appeal under § 33B from his conviction
and while a stay of sentence remained in effect, was properly before
this court.  [323–324]
Under a search warrant using merely the broad language of G. L. c. 276,
§ 1, Eighth, and not specifying any particular material to be seized, a
search by police of an apartment in the occupant's absence and seizure
of a large quantity of material was illegal; the material seized should
have been suppressed upon motion by the occupant preceding trial of a
complaint against him for violation of c. 272, § 28A, and its admission
in evidence at the trial over his exception required reversal of his con-
viction and entry of judgment for him.  [324–326]  KIRK, J., dis-
senting.

COMPLAINT received and sworn to in the District Court of
Hampshire on September 7, 1960.

On appeal to the Superior Court the case was heard with-
out jury and reported by *Taveira,* J.

*William P. Homans, Jr.,* for the defendant.

*Sanford Keedy,* District Attorney, for the Common-
wealth.

*Reuben Goodman, James M. Harkless, & Daniel D. Lev-
enson,* for Civil Liberties Union of Massachusetts, amicus
curiae, submitted a brief.

CUTTER, J.   The defendant's appeal from his conviction
under G. L. c. 272, § 28A, as amended through St. 1959,
c. 492, § 2, was dismissed for want of jurisdiction (because
of failure seasonably to obtain the application of G. L.
c. 278, §§ 33A–33G, to this case) in *Commonwealth* v.
*Dorius,* 343 Mass. 533, 536.   The trial judge (who heard

the case without a jury in the Superior Court) has now reported several questions of law for our decision. G. L. c. 278, § 30.

1. There is no merit to the Commonwealth's contention that the report is not properly before us. When the report was made, a stay of the sentence remained in effect. Thus the case was still pending in the Superior Court. If the judge was of the opinion that the interests of justice would be served by a report, it was within his discretion to make one. He properly could have concluded that the defendant should be afforded the opportunity to present important questions of law, notwithstanding the failure of his earlier appeal on procedural and jurisdictional grounds. The delay in making the report is not unreasonable in the circumstances. We see nothing to the contrary in *Commonwealth v. Baldi,* 250 Mass. 528, 536, or *Commonwealth v. McKnight,* 289 Mass. 530, 538–540. There is no statutory time limit barring such a report. Cf. G. L. c. 278, § 29 (as amended through St. 1957, c. 302; now further amended by St. 1962, c. 310, § 1).

2. The defendant's apartment was searched in his absence under a warrant issued by the District Court of Hampshire on September 3, 1960, upon a complaint by one Regan, a member of the State police. Officer Regan recited that "he believes that books, pamphlets, ballads . . . and other things containing indecent, impure or obscene language and indecent and impure and obscene prints, pictures, figures and descriptions manifestly tending to corrupt the morals of youth, or intended to be . . . exhibited, circulated and distributed, are concealed" in the defendant's apartment. The warrant authorized any State police officer "to enter [the apartment] in the day-time, or in the night-time . . . and . . . to search for said . . . [items] described in said complaint, and . . . [to] seize the same" and to apprehend "the person . . . in whose possession found." A State police officer's return (dated September 3, 1960) upon the warrant reported seizure of "a large quantity of obscene photographs and a quantity of obscene

letters and pamphlets."[1]   The return reported no arrest.

The defendant was convicted in the District Court upon a complaint issued September 7, 1960.   He appealed to the Superior Court.   There he filed a motion for the return of property illegally seized and to suppress it as evidence. The motion, in renewal of a motion made and denied in the District Court, asserted (1) that the warrant was invalid because of absence of a "designation of the objects of search or seizure," and (2) that the "search and seizure made thereunder was unreasonable and . . . in violation of Article 14 of the Declaration of Rights and the 14th Amendment of the Constitution of the United States." Dorius duly saved an exception to the denial of this motion. He was tried on October 11, 1960, and found guilty.   Many of the items seized were introduced in evidence as exhibits, subject to the exceptions of the defendant.

The first question of law reported for decision reads in part, "1.   When the [defendant's] apartment . . . was searched . . . in . . . [his] absence . . . under a search warrant in the form [already described] . . . was the search illegal and unreasonable and should the Trial Court have allowed before trial the . . . motion for return of property illegally seized and to suppress and exclude from evidence at the trial such property as was seized under the warrant?"   The warrant was in substantially the broad language of G. L. c. 276, § 1, Eighth (as amended through St. 1934, c. 303, § 2), and was as general in terms as that considered in *Commonwealth* v. *Jacobs, ante,* 300.   Under the principles fully discussed in that case, the absence of more precise definition in the warrant of the documentary and pictorial material to be seized, and of more adequate safeguards to prevent the seizure of material not obscene, made the search illegal.   Under *Mapp* v. *Ohio,* 367 U. S. 643, illegally seized material should not have been admitted against the defendant over his objection, and in the face of his prior motion to suppress, which should have been allowed.

---

[1] The report states that at least 152 magazines, two pamphlet stories, two greeting cards, a number of letters, and one faculty administration book were seized.

The decisions in *Marcus* v. *Search Warrant of Property at 104 East Tenth St. Kansas City, Mo.* 367 U. S. 717, and in the *Mapp* case were announced on June 19, 1961, eight months after the defendant's trial in the Superior Court. The judge had no reason to anticipate them, and, indeed, under our then existing decisions (see *Commonwealth* v. *Wilkins,* 243 Mass. 356) should not have excluded the evidence. The defendant, however, properly saved his rights based upon the principles later stated in those cases, which are controlling here. See *Commonwealth* v. *Spofford,* 343 Mass. 703, 706–707; *Dirring, petitioner,* 344 Mass. 522, 523–524. See also *Fisher* v. *McGirr,* 1 Gray 1, 21, 27–31. The answer to the first question of law reported is that the motion to suppress should have been granted and that the seized exhibits were all inadmissible.

The answer to the first question disposes of the case. We have no occasion to consider the other questions. The illegal search constituted "a violation of the Fourteenth Amendment [which so] infected the proceedings" (see the *Marcus* case, 367 U. S. 717, 738–739) as to require (a) setting aside the finding of guilty and (b) the entry of judgment for the defendant. See *Commonwealth* v. *Spofford,* 343 Mass. 703, 708.

*So ordered.*

KIRK, J. Inasmuch as the court rests its decision on the ground that the warrant under which the officer acted was invalid on its face, I disagree for the reasons stated in the dissent to *Commonwealth* v. *Jacobs, ante,* p. 300. It is my firm belief that there is no clear mandate from the Supreme Court of the United States which requires or compels the result which the court here reaches. I respectfully suggest that, in the absence of such a mandate, the interests of the Commonwealth would best be served by forbearance from a strained application of the *Marcus* case and an extension of the so called *Mapp* doctrine, in anticipation, optimistic or otherwise, of what the Supreme Court of the United States may yet do. I would rule that the search and seizure was not unreasonable and would uphold the denial of the motion to suppress.