UNITED STATES, Appellee,

v.

First Lieutenant Mark E. CORLEY, SSN 444–48–4029, United States Army, Appellant.

CM 436188.

U. S. Army Court of Military Review.

21 Sept. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Grifton E. Carden, JAGC, and Captain Richard A. Pearson, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Charged with wrongfully possessing and introducing into Fort Bragg, North Carolina, some 635 grams of marijuana, First Lieutenant Corley was convicted of wrongfully possessing only .02 gram of marijuana. Additionally, he was convicted of later possessing and transferring 1.51 grams of marijuana. A military judge sentenced him to dismissal, forfeiture of $300.00 pay per month for ten months, and a reprimand. The convening authority approved the sentence.

Other assigned errors being clearly without merit, the issue on appeal focuses on the legality of a search that disclosed the .02 gram of marijuana in the ashtray of Corley's automobile. The facts, as described in the appellant's brief (with citations to pages of the record omitted) are as follows:

Appellant's convictions arose from two separate incidents, separated by a month, in which appellant allegedly possessed marijuana on or near Fort Bragg. The first incident was triggered by the discovery on 1 February 1977 in Phoenix, Arizona, of a package containing suspected marijuana. This package, a sealed and wrapped parcel addressed to appellant [which he had ordered and paid for], was found by a marijuana detection dog in the Phoenix terminal of the United Parcel Service (UPS) during a random search of all packages at the terminal. [This was a more or less regular activity carried out by the police with the consent of UPS representatives. The dog alerted to the appellant's package as it moved along the outbound conveyor belt.] After the Phoenix police opened the package and determined its contents, they resealed it, placed it back in the UPS delivery system, and notified Fort Bragg CID [Criminal Investigation] Agent Henry Comacho.

Upon learning that a package of marijuana was expected to be delivered to appellant, Comacho coordinated his activities with the local UPS, and on 7 February he and a UPS driver delivered the package to appellant. Appellant accepted it and placed it in the trunk of his car, and the agent then apprehended appellant for possession of marijuana. The agent then explained to him in detail the facts which the police knew concerning the package, that they had seen him place it in his car, and asked him for consent to search the car for the package. Appellant ultimately permitted the agents to search. The package was found in the trunk, and then a small trace of marijuana was found in an ashtray in the interior of the car. At trial . . . the military judge ruled that the opening of the package in Phoenix was illegal and all evidence concerning the package found in appellant's car was inadmissible. Nonetheless, the government sought to admit . . . evidence concerning the .02 grams of substance found in the car's ashtray. The

defense objected, arguing that appellant's apprehension on 7 February and his subsequent "consent" to the search were irrevocably tainted by the evidence obtained from the illegal search. However, the judge determined that the search of the ashtray was sufficiently separated from the two illegal seizures of the package to stand on its own. Thus, appellant's conviction of the original Charge was simply for .02 grams of marihuana.

Subsequent to this initial incident, on 7 March 1977, [Corley transferred two marijuana cigarettes to a soldier-informant and a female agent posing as the informant's date].

We agree with the appellant's contention that the illegality of the search in Phoenix tainted the entire search at Fort Bragg and we will set aside the findings of guilty of the Charge and its specification and dismiss that charge.

■ The warrantless search of the appellant's package in the hands of the United Parcel Service (UPS) violated the appellant's rights under the Fourth Amendment because there were no exigent circumstances that precluded obtaining a warrant. *See United States v. Martin,* 183 U.S.App.D.C. 154, 562 F.2d 673 (1977); *United States v. Haes,* 551 F.2d 767 (8th Cir. 1977).

■ The appellant has standing to contest the lawfulness of that search. *See United States v. Kelly,* 529 F.2d 1365 (8th Cir. 1976). While he has been acquitted of possessing the quantity of marijuana (635 grams) contained in the package—a charge which might confer automatic standing—he nevertheless has actual standing by virtue of his ownership of the package and reasonable expectation of privacy after it had been accepted by UPS for shipment. *See generally, United States v. Cella,* 568 F.2d 1266, 1278–84 (9th Cir. 1977); *United States v. Hunt,* 505 F.2d 931 (5th Cir. 1974); *see also United States v. Kelly, supra.*

■ Notwithstanding the appellant's consent to the search of his automobile for the parcel previously searched at UPS, the second search is tainted by the illegality of the first. This conclusion can rest on either of two bases. First, that the later search was the fruit of a poisonous tree.* *See Commonwealth v. Spofford,* 343 Mass. 703, 180 N.E.2d 673 (1962); *cf. United States v. McCaleb,* 552 F.2d 717 (6th Cir. 1977); *People v. Johnson,* 68 Cal.2d 629, 68 Cal.Rptr. 441, 440 P.2d 921 (1968). Second, the illegal first search served as a coercive influence on his consent to the second. *See United States v. Rotramel,* 1 M.J. 559 (A.F.C.M.R. 1975).

The "totality of circumstances" test adopted in *Schneckloth v. Bustamonte,* 412 U.S. at 227, 248–49, 93 S.Ct. at 2047, 2059, 36 L.Ed.2d 862–63, 875, permits us to observe whether the supposed taint was attenuated by any circumstances pertaining to the second search. *Cf. United States v. McCaleb, supra; United States v. Westerbann-Martinez,* 435 F.Supp. 690, 701–02 (E.D.N.Y.1977); *United States v. Rogers,* 436 F.Supp. 1 (E.D.Mich.1976). There are, however, no attenuating circumstances here. The appellant was in custody and wearing handirons. His car keys had been taken in a search of his person. He was unwarned concerning his rights to silence and to counsel. His consent clearly was reluctant (although, according to testimony, there was some possibility that he asked and was told that he need not consent). Moreover, only the knowledge gained in the UPS search led the agents to want to search the appellant's automobile, and his understanding that they already knew the contents of the package must have been a major factor in his decision to consent.

■ Although, for the reasons stated above, the appellant's conviction of possessing the quantity of marijuana found in the ashtray of his automobile must be reversed, he remains convicted of possessing marijua-

---

* This view seems consistent with *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), in which the Supreme Court resorted to the test of voluntariness applicable to confessions to define the requisite voluntariness of consents to search. *Id.* at 223–27, 93 S.Ct. at 2045–47, 36 L.Ed.2d at 860–62.

na on another occasion and transferring it to enlisted persons as mentioned previously. We regard the dismissal from the service as appropriate under the circumstances and doubt that the earlier possession of .02 gram (which was in the form of a plant leaf) had any significant impact on the quantum of the sentence. Nevertheless, in an abundance of caution, we will reduce the approved sentence.

The findings of guilty of the Charge and its specification are set aside and the Charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted above and the entire record, only so much of the sentence as provides for dismissal, reprimand, and forfeiture of $300.00 pay per month for eight months is approved.

Judge TALIAFERRO and Judge WATKINS concur.